UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXIS ROSE,

               Plaintiff,

        -against-

CHRISTOPHER SAPIENZA, Commissioner of
City of Yonkers Police Department; MIRIAM E.
ROCAH, District Attorney of Westchester
County; DON GLO TOWING,

               Defendants.

1:24-CV-1887 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Alexis Rose, who is currently incarcerated in the Green Haven Correctional Facility, filed this action *pro se*, asserting claims under 42 U.S.C. § 1983, and seeking declaratory relief, injunctive relief, and damages. He sues: (1) Christopher Sapienza, Commissioner of the City of Yonkers Police Department; (2) Miriam E. Rocah, the District Attorney for the County of Westchester; and (3) Don Glo Towing, of Yonkers, New York.[1]

By order dated April 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims in a second amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Plaintiff's amended complaint is the operative pleading for this action. (ECF 5.)

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: On March 5, 2021, "during the course of an investigation conducted by the City of Yonkers Police Department in conjunction with the Westchester County District Attorney's Office, Plaintiff's [vehicle] . . . was stopped and seized without a warrant. A warrant was later issued in relation to a search of the aforementioned vehicle." (ECF 5, at 2-3.) Plaintiff's then-defense attorney requested the release of the vehicle, to no avail. "Plaintiff was never given notice of a hearing, nor was he given a hearing in compliance with . . . law requirements." (*Id.* at 3.) Plaintiff's spouse, whom Plaintiff refers to as the "innocent owner of said vehicle[,] . . . communicated with the Westchester County District Attorney['s] Office[,] [which] informed her that the vehicle [was] being held as evidence and it was not being released as of September[] 2023." (*Id.* at 3.) In January 2024, Plaintiff's spouse received a letter from the City of Yonkers Police Department, which "stat[ed] that ten (10) days from [February 21, 2023,] the vehicle [would] be disposed of in accordance with" New York State law. (*Id.*) Plaintiff's spouse then inquired with the Police Department about that letter, and was informed that "the

vehicle had been released since October 3, 2023, however, neither Plaintiff nor his spouse ever received correspondence stating the vehicle was being released." (*Id.*) The letter Plaintiff's spouse received "also stated that the vehicle was being held by a public towing company called Don Glo Towing." (*Id.*) Plaintiff's spouse then sought the release of the vehicle from Don Glo Towing, which informed her that "she had to pay over thirty-five thousand dollars ($35,000.00) for the vehicle to be released." (*Id.*)

Plaintiff states that he should not be "liable for charges incurred during the time th[e] vehicle was impounded as the vehicle was held as evidence, and was held way beyond the scope of the investigation, and where no hearing was held[,] nor was there any written notification provided to Plaintiff or his spouse." (*Id.*) He also states that the defendants "are continuing to hold this vehicle and[/]or have destroyed the vehicle." (*Id.*) Plaintiff further states that "[t]his has caused Plaintiff and his spouse significant hardship financially as the spouse has not been able to use the vehicle for everyday life." (*Id.*)

## DISCUSSION

### A.   Plaintiff's claims on behalf of his spouse

The Court understands that Plaintiff is asserting claims on behalf of his spouse. The Court, however, must dismiss those claims. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). In addition, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Plaintiff does not

allege that he is an attorney, therefore, he cannot assert claims in this action on behalf of another

person, including his spouse. The Court therefore dismisses, without prejudice, any claims that

Plaintiff raises in this action on behalf of his spouse.

**B.      Plaintiff's standing to sue**

Plaintiff does not appear to have standing to assert any claims arising from the

defendants' alleged seizure of what Plaintiff seems to allege is his *spouse's* vehicle, not his. The

doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal

court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)

(citations omitted). Standing is, therefore, "the threshold question in every federal case,

determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498

(1975).

To have standing to sue, a "plaintiff must have (1) suffered an injury in fact, (2) that is

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed

by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338 (citing, *inter alia*, *Lujan v.

Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). At the pleading stage, "the plaintiff must

'clearly. . . allege facts demonstrating' each element" of standing. *Id.* (citation omitted).

Plaintiff does not appear to have standing to bring his own claims arising from the seizure

of the vehicle because he does not allege that he *himself* (as opposed to his spouse) suffered

injuries arising from that seizure. Rather, it appears that Plaintiff's spouse, whom Plaintiff seems

to allege is the sole owner of the seized vehicle, has suffered injuries arising from the alleged

seizure. Thus, it seems that Plaintiff lacks standing to bring claims arising from the seizure. The

Court therefore dismisses Plaintiff's own claims arising from the seizure for lack of standing

and, thus, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor

Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a court has

no subject matter jurisdiction to hear their claim." (internal quotation marks and citation omitted)); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement[.]"). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his own claims arising from the seizure in a second amended complaint in which he alleges facts sufficient to show that he has standing to assert those claims.[3]

### LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under 42 U.S.C. § 1983, the Court grants Plaintiff 30 days' leave to replead his claims in a second amended complaint.

---

[3] To the extent that Plaintiff asserts claims of federal constitutional violations under Section 1983, he must name as defendants, in his second amended complaint, those individuals who were personally and directly involved with the alleged constitutional violations. *See Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) ("To hold a state [or municipal] official liable under [Section] 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . .").

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

## CONCLUSION

The Court dismisses this action for the reasons set forth above, but grants Plaintiff 30 days' leave to replead his claims in a second amended complaint.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a judgment is entered.

SO ORDERED.

Dated:   June 21, 2024
        New York, New York

                                  /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                             Chief United States District Judge