UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXIS ROSE<br>*Plaintiff*,<br>v.<br>CHRISTOPHER SAPIENZA et al.,<br>*Defendants*. | No. 24-CV-1887 (KMK)<br><u>ORDER</u> |

KENNETH M. KARAS, United States District Judge:

Plaintiff, proceeding pro se, commenced this Action against Miriam E. Rocah, Westchester County District Attorney, John O'Rourke, Westchester County Assistant District Attorney, (together, "County Defendants"), Don Glo Towing, a Police Officer Sherding, and Christopher Sapienza, (collectively "Defendants") on March 7, 2024. (*See* Compl. (Dkt. No. 1).) He amended his Complaint as of right on March 29, 2024. (*See* Am. Compl. ("FAC") (Dkt. No. 5).) Chief Judge Swain dismissed the FAC with leave to replead on June 21, 2024. (Order of Dismissal dated June 21, 2024 (Dkt. No. 7).) On July 31, 2024, Plaintiff filed his Second Amended Complaint. (*See* Second Am. Compl. ("SAC") (Dkt. No. 10).) On October 24, 2024, the Action was reassigned to this Court. (*See* Dkt. (Notice of Case Reassignment dated Oct. 24, 2024).)

On November 4, 2024, this Court issued an Order directing service on Defendants. (*See* Dkt. No. 14 (order directing service).) County Defendants were served on December 31, 2024, (*see* Receipt and Return of Service (Dkt. No. 19); Receipt and Return of Service (Dkt. No. 20)), and Sherding, Sapienza, and Don Glo Towing were served on February 7, 2025, (*see* Receipt and Return of Service (Dkt. No. 21); Receipt and Return of Service (Dkt. No. 22), Receipt and Return of Service (Dkt. No. 23).)

On March 3, 2025, Sapienza and Sherding filed an Answer to Plaintiff's Second Amended Complaint, (*see* Answer (Dkt. No. 26)), and County Defendants filed a letter requesting leave to file a Motion to Dismiss, (*see* Letter from Irma Cosgriff, Esq. to Court (Mar. 3, 2025) (Dkt. No. 27)). On March 10, 2025, the Court granted County Defendants' request and set a briefing schedule. (*See* Dkt. No. 28 (order setting briefing schedule).)

On March 30. 2026, the Court granted County Defendants' Motion to Dismiss. *Rose v. Sapienza*, No. 24-CV-1887, 2026 WL 867149, at *12 (S.D.N.Y. Mar. 30, 2026). In granting the Motion, the Court found that the claims against County Defendants in their official capacities were barred by the Eleventh Amendment, *Rose*, 2026 WL 867149, at *6–7, that the allegations against County Defendants involving actions that took place during the investigation and prosecution of Plaintiff were shielded by absolute immunity, *id.* at *10, that Plaintiff failed to adequately plead County Defendants' personal involvement in the alleged constitutional violations or that they violated his due process rights, *id.* at *11–12, and that Plaintiff failed to plead that County Defendants were in continued possession of Plaintiff's car, thus necessitating dismissal of the claim for injunctive relief against them, *id.* at *12. The Court, however, gave Plaintiff leave to file a Third Amended Complaint within 30 days of the issuance of that Opinion to address the deficiencies identified therein. *Id.* The Court informed Plaintiff that should he "fail to file a Third Amended Complaint, his claims against County Defendants will be dismissed with prejudice for failure to state a claim upon which relief can be granted." *Id.* The Opinion was mailed to Plaintiff on March 31, 2026. (*See* Dkt. (minute entry dated March 31, 2026).) Plaintiff has not filed an amended complaint since then. (*See generally* Dkt.).

While "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once," *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *see also McGee v. Pallito*, No. 10-CV-11, 2014 WL 360289, at *12 (D. Vt. Feb. 3, 2014) (noting that "[t]he Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to amend at least once"), here, the Court already granted Plaintiff leave to amend. Because Plaintiff has failed to amend to cure the deficiencies identified in this Court's previous Opinion, his claims against County Defendants should be dismissed with prejudice. *See Ndremizara v. Swiss Re America Holding Corp.*, 93 F. Supp. 3d 301, 318-19 (S.D.N.Y. 2015); *Terio v. Michaud*, No. 10-CV-4276, 2011 WL 2610586, at *2 (S.D.N.Y. June 15, 2011). Accordingly, Plaintiff's claims against County Defendants are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

SO ORDERED.

Dated: October 1, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge